UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WENDELL COLEMAN,

        Plaintiff,

    v.

ELIA ORTIZ, et al.,

        Defendants.

Case No. 21-cv-01167-SI

**ORDER OF DISMISSAL**

Re: Dkt. No. 1

    Wendell Coleman commenced this action by filing a "request for injunction command against illegal orders." Docket No. 1. The named defendants are M. Boessenecker and Elia Ortiz, judges of the Napa County Superior Court. The filing alleges that Judge Boessenecker and Judge Ortiz have made numerous erroneous rulings in a criminal case against Coleman in Napa County Superior Court, including "allowing for multiple illegal continuances, allowing untimely continuances," disallowing self-representation, denying witnesses at trial, failing to provide affordable bail, allowing a declaration of doubt as to Coleman's competence, and allowing him to be represented by ineffective counsel. Docket No. 1 at 2. Coleman seeks an injunction that (a) removes his daughter from no-contact orders entered by Judges Boessenecker and Ortiz; (b) "suspend[s] the terms of probation" imposed until appellate review occurs; and (c) protects Coleman "from any further legal action against [him] by any judicial officer from the Napa Court until the appeals court has had an opportunity to render a decision on the case that is up for appellate review." *Id.* at 3.

    On February 19, 2021, the court notified Coleman in writing that his action was deficient in that he had not attached a complaint or petition and had not filed an *in forma pauperis* application. Docket Nos. 2, 3, 4. The court further notified Coleman that this action would be dismissed if he

did not submit a complaint or petition within 28 days, and if he did not pay the fee or file an *in forma pauperis* application within 28 days. Docket Nos. 2, 3. Coleman has failed to provide the court with either a complaint or petition and the deadline to do so has passed. Accordingly, this action is DISMISSED without prejudice for failure to submit a pleading showing the court has subject matter jurisdiction.

If Coleman wishes to challenge his conviction or sentence from state court, he may file a petition for writ of habeas corpus under 28 U.S.C. § 2254 because a petition for writ of habeas corpus is the exclusive remedy in federal court to challenge a state court conviction or sentence. Coleman is cautioned that prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 4, 2021

SUSAN ILLSTON
United States District Judge